Pro Se 1 (Rev. 12/16) Complaint for a Civil Case

**RECEIVED**

# UNITED STATES DISTRICT COURT

### for the

~~Southern~~ District of ~~Iowa~~

APR **2 7** 2026

CLERK U.S. DISTRICT COURT
SOUTHERN DISTRICT OF IOWA

Davenport  Division

|  |  |
|---|---|
| **~~Kellen Garfield,on behalf of K.G.~~** | ) Case No. |
| *Plaintiff(s)* | ) _____ |
| *(Write the full name of each plaintiff who is filing this complaint.* | ) *(to be filled in by the Clerk's Office)* |
| *If the names of all the plaintiffs cannot fit in the space above,* | ) |
| *please write "see attached" in the space and attach an additional* | ) Jury Trial: *(check one)* ☐ Yes ☐ No |
| *page with the full list of names.)* | ) |
| -v- | ) |
|  | ) |
|  | ) |
| Iowa City Community School District. Grant Wood Area | ) |
| Education Agency (AEA) | ) |
| *Defendant(s)* | ) |
| *(Write the full name of each defendant who is being sued. If the* | ) |
| *names of all the defendants cannot fit in the space above, please* | ) |
| *write "see attached" in the space and attach an additional page* | ) |
| *with the full list of names.)* | ) |

## COMPLAINT FOR A CIVIL CASE

### I.    The Parties to This Complaint

#### A.    The Plaintiff(s)

Provide the information below for each plaintiff named in the complaint. Attach additional pages if needed.

| | |
|---|---|
| Name | Kellen Garfield |
| Street Address | 3330 Dreusicke Driver |
| City and County | Coraville ,Johnson County |
| State and Zip Code | 52241 |
| Telephone Number | 779 2796914 |
| E-mail Address | kellengarfield@gmail.com |

#### B.    The Defendant(s)

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation. For an individual defendant, include the person's job or title *(if known)*. Attach additional pages if needed.

Page 1 of 5

Pro Se 1 (Rev. 12/16) Complaint for a Civil Case

Defendant No. 1

Name                                Iowa City Community School  District

Job or Title *(if known)*           Public school District

Street Address                      1725 N  Dodge St

City and County                     Iowa City , Johnson County

State and Zip Code                  52245

Telephone Number                    319  688 1000

E-mail Address *(if known)*         degner.matt@iowacityschools.org


Defendant No. 2

Name                                Grant Wood AEA

Job or Title *(if known)*           Regional Education Agency

Street Address                      4401 6th ST SW

City and County                     Cedar Rapids , Linn County

State and Zip Code                  52404

Telephone Number                    319 399 67 00

E-mail Address *(if known)*


Defendant No. 3

Name

Job or Title *(if known)*

Street Address

City and County

State and Zip Code

Telephone Number

E-mail Address *(if known)*


Defendant No. 4

Name

Job or Title *(if known)*

Street Address

City and County

State and Zip Code

Telephone Number

E-mail Address *(if known)*

Pro Se 1 (Rev. 12/16) Complaint for a Civil Case

## II.    Basis for Jurisdiction

Federal courts are courts of limited jurisdiction (limited power). Generally, only two types of cases can be heard in federal court: cases involving a federal question and cases involving diversity of citizenship of the parties. Under 28 U.S.C. § 1331, a case arising under the United States Constitution or federal laws or treaties is a federal question case. Under 28 U.S.C. § 1332, a case in which a citizen of one State sues a citizen of another State or nation and the amount at stake is more than $75,000 is a diversity of citizenship case. In a diversity of citizenship case, no defendant may be a citizen of the same State as any plaintiff.

What is the basis for federal court jurisdiction? *(check all that apply)*

[X] Federal question            [ ] Diversity of citizenship

Fill out the paragraphs in this section that apply to this case.

### A.    If the Basis for Jurisdiction Is a Federal Question

List the specific federal statutes, federal treaties, and/or provisions of the United States Constitution that are at issue in this case.

### B.    If the Basis for Jurisdiction Is Diversity of Citizenship

1.    The Plaintiff(s)

a.    If the plaintiff is an individual

The plaintiff, *(name)* _____ , is a citizen of the State of *(name)* _____ .

b.    If the plaintiff is a corporation

The plaintiff, *(name)* _____ , is incorporated under the laws of the State of *(name)* _____ , and has its principal place of business in the State of *(name)* _____ .

*(If more than one plaintiff is named in the complaint, attach an additional page providing the same information for each additional plaintiff.)*

2.    The Defendant(s)

a.    If the defendant is an individual

The defendant, *(name)* _____ , is a citizen of the State of *(name)* _____ . Or is a citizen of *(foreign nation)* _____ .

Pro Se 1 (Rev. 12/16) Complaint for a Civil Case

      b.      If the defendant is a corporation

          The defendant, *(name)* _____ , is incorporated under

          the laws of the State of *(name)* _____ , and has its

          principal place of business in the State of *(name)* _____ .

          Or is incorporated under the laws of *(foreign nation)* _____ ,

          and has its principal place of business in *(name)* _____ .

*(If more than one defendant is named in the complaint, attach an additional page providing the same information for each additional defendant.)*

3.      The Amount in Controversy

      The amount in controversy—the amount the plaintiff claims the defendant owes or the amount at stake—is more than $75,000, not counting interest and costs of court, because *(explain)*:

## III.    Statement of Claim

Write a short and plain statement of the claim. Do not make legal arguments. State as briefly as possible the facts showing that each plaintiff is entitled to the damages or other relief sought. State how each defendant was involved and what each defendant did that caused the plaintiff harm or violated the plaintiff's rights, including the dates and places of that involvement or conduct. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.

Plaintiff Kellen Garfield ("Mother") is the parent of K.G. ("Student"), a child with a disability served under the Individuals with Disabilities Education Act ("IDEA"). Student attended Lincoln Elementary School in Iowa City, Iowa (ICCSD) during the 2023–2024 and 2024–2025 school years. Mother brings this action to obtain judicial review of the final administrative decision electronically signed January 29, 2026, issued after a due process hearing held October 27–29, 2025, under 20 U.S.C. § 1415.

Defendant Iowa City Community School District ("ICCSD") was responsible for convening IEP meetings, developing and implementing Student's IEP, and maintaining Student's education records and special education program documentation. Defendant Grant Wood Area Education Agency ("AEA") participated in evaluation/reevaluation and IEP development and provided and/or supervised related-services personnel, including speech-language pathology and occupational therapy.

Claim 1 (Access to records and requested information affecting participation in IDEA decision-making).

In November 2024, during an IEP meeting, Mother requested Student's educational records and supporting information, including underlying data relating to Student's academic performance and progress monitoring. Mother alleges ICCSD did not provide the requested underlying data at that time.

In late February 2025, Student left school complaining of pain in her private parts and Mother took Student to an emergency room. (Admin. R. Ex. H-3.) Following that incident, Mother requested that ICCSD provide or preserve security camera footage related to Student. On March 25, 2025, Mother received a written response regarding that request. (Admin. R. Ex. H-6.) Mother did not receive the requested footage.

Mother alleges the ALJ decision treated July 2025 as the date of Mother's initial request for security footage and did not reflect the request made before March 25, 2025 or the written response dated March 25, 2025. (Admin. R. Ex. H-6.)

In April 2025, after Mother observed behavioral changes and pinching behaviors, Mother requested a school visit to observe Student's school day in order to participate in decisions regarding Student's behavior plan, IEP, and health plan. Mother alleges she provided the documents required for the visit, but ICCSD did not permit the visit and stated the school had not received the documents. (Admin. R. Exs. I-1, I-2.)

In June 2025, the school sent books and notebooks home. Mother alleges the materials were blank or contained scribbles. (Admin. R. Ex. E.)

In August 2025, after Mother filed a due process complaint, ICCSD produced additional student records that Mother alleges had not been provided in response to prior requests. Mother alleges the August 2025 production included previously undisclosed information regarding what Student was provided or permitted to access during the school day, "youtube video and gamer", and that Mother learned of this information only after the August 2025 production. (Admin. R. Ex. I-11.)

Mother alleges that ICCSD's handling of access to records and underlying information limited her ability to verify the basis for reported progress and limited her ability to participate meaningfully in IDEA decision-making regarding Student.

Claim 2 (Speech-language services: lack of session-level documentation supporting progress reporting).

Student's IEP included speech-language services developed through the IEP process. See 20 U.S.C. § 1414(d). During the due process hearing, AEA speech-language pathologist Carolyn Wozny testified regarding speech-language services.

Mother alleges Student's June 2025 progress reporting referenced rubric scores and qualitative observations but did not include underlying session-level documentation identifying Student's responses by session/trial.

Mother alleges she requested underlying documentation and data for speech-language services in November 2024 and again in July 2025, and that Defendants did not provide daily speech therapy logs, trial data, or comparable session-level documentation supporting the reported rubric scores.

Mother alleges that without access to the underlying documentation, she could not verify the basis for the reported speech-language progress and could not participate meaningfully in decisions regarding Student's speech-language programming.

Claim 3 (Occupational therapy: service change to consultative model without objective measures and without clear monitoring explanation).

Student enrolled in ICCSD in November 2023. In December 2023, as part of reevaluation activities and IEP development, ICCSD and AEA evaluated Student's needs using school-based information.

Mother alleges that during the December 2023 reevaluation process, AEA occupational therapy staff did not administer standardized occupational therapy testing or other objective sensory or motor performance measures before occupational therapy services were changed.

Mother alleges that at the December 2023 IEP meeting, ICCSD and AEA changed Student's occupational therapy services from direct OT services to a consultative model described as monthly check-ins/consultation.

Mother alleges Defendants did not provide a clear written explanation of the consultative OT model and what data would be used to monitor Student's OT-related functioning after the change.

Mother alleges that during the 2023–2024 and 2024–2025 school years she observed ongoing concerns related to Student's self-care and hygiene at school, including incidents in which Student returned home in urine and feces.

Mother alleges that the lack of OT-related documentation and the lack of a clear monitoring explanation impeded her ability to understand the basis for the OT service change and impeded her ability to participate in OT-related decisions.

Claim 4 (Insomnia/attendance: request for schedule flexibility and omission of medical basis in PWN).

In November 2024, an IEP meeting was held via Zoom. Mother participated and raised concerns and proposed changes, including issues related to Student's insomnia and scheduling needs.

Student's insomnia was documented in medical records submitted in the administrative proceeding. (Admin. R. Ex. G.) Mother requested schedule flexibility and/or attendance accommodations for Student based on that documentation. (Admin. R. Ex. G.)

Mother alleges the PWN regarding the November 2024 IEP meeting makes no reference to consideration of the insomnia medical documentation in connection with the request for schedule flexibility or reduced-day accommodations. (Admin. R. Ex. F-8.) Mother alleges ICCSD applied its attendance and tardiness policy to Student without granting the requested schedule flexibility and continued to require a full school day after nights of insomnia.

Mother alleges ICCSD staff communicated that Student's tardiness could lead to a referral to the County Attorney and that these communications pressured Mother to send Student to school after nights of insomnia.

Mother alleges that ICCSD's handling of the insomnia-related request affected Student's access to her educational program.

Claim 5 (Interpreter/translation and meeting documentation affecting participation).

Mother's primary language is Brazilian Portuguese. Mother alleges ICCSD treated interpreter services and written translation as unnecessary because communications were handled through Student's father, despite Mother requesting a translator by email. Mother alleges that when she attended IEP meetings, her contributions were omitted from subsequent written documentation. (Admin. R. Ex. I-3.)

Claim 6 (Inaccuracies in the ALJ decision regarding key procedural facts reflected in the administrative record).

Mother alleges the ALJ decision contains inaccuracies regarding key procedural facts reflected in the administrative record, including the timeline regarding Mother's request for security footage and the description of the length of Mother's post-hearing submission.

IV.    Relief

State briefly and precisely what damages or other relief the plaintiff asks the court to order. Do not make legalarguments. Include any basis for claiming that the wrongs alleged are continuing at the present time. Includethe amounts of any actual damages claimed for the acts alleged and the basis for these amounts. Include anypunitive or exemplary damages claimed, the amounts, and the reasons you claim you are entitled to actual orpunitive money damages.

Plaintiff requests that the Court enter judgment and order the following relief:

Reverse and/or remand the portions of the administrative decision that denied Parent's claims regarding Student's right to a free appropriate public education (FAPE), pursuant to 20 U.S.C. § 1415(i)(2).

Enforcement of ordered IEE . Order Defendants to implement, without further delay, the IEE at public expense ordered in the final administrative decision, consistent with 34 C.F.R. § 300.502. Plaintiff alleges Defendants' failure to provide the ordered IEE is ongoing.

Plaintiff requests an order requiring ICCSD to provide access to the underlying source records used to generate any reported progress levels, scores, graphs, rubrics, or summaries, including contemporaneous documentation of Student performance, preserved work samples (if maintained), service/session records, and any records reflecting when, by whom, and how the data were recorded or entered, consistent with 34 C.F.R. § 300.613 and 20 U.S.C. § 1232g.

Compliant Prior Written Notice (PWN) for schedule/attendance decisions (continuing). Order ICCSD to issue Prior Written Notice that complies with 34 C.F.R. § 300.503 by (a) describing the action(s) proposed or refused regarding schedule flexibility/attendance accommodations, (b) explaining why, (c) identifying the specific data and reports relied upon (including medical documentation provided to the District and included in the administrative record), and (d) identifying other options considered and why those options were rejected.(Admin.R.Ex.G)

Interpreter/Translation (ongoing): An order requiring ICCSD to take necessary steps to ensure Mother's meaningful participation in all IDEA-related processes and communications by providing (a) qualified interpreter services for all IEP meetings and other IDEA meetings attended by Mother, and (b) timely and complete written translation into Brazilian Portuguese of IDEA-related written communications and documents provided to Parents, including meeting notices, Prior Written Notices, evaluation/reevaluation documents, IEPs/BIPs/IHP-related documents to the extent used for IDEA decision-making, and IDEA-related email or messaging communications necessary for Parent participation, consistent with 34 C.F.R. § 300.322(e) and 20 U.S.C. § 1415(b)(6), (f), (h).

An order requiring ICCSD to provide reasonable access for Parent participation, including observation of the Student's school day where appropriate or other comparable methods, sufficient to enable Mother to understand Student's current programming and to participate meaningfully in decisions regarding the IEP, BIP, and Individualized Health Plan (IHP), consistent with 20 U.S.C. § 1415(b)(6), (f), (h).

Academic Work Transparency (ongoing): Order ICCSD to provide periodic access to representative work samples maintained by the District that reflect Student's academic instruction and performance in core subjects (reading, writing, and mathematics), including work products tied to IEP goals, classroom assignments, and assessments, with the date and sufficient context of completion to allow Plaintiff to understand what was taught and evaluated, and not limited to selected, isolated, or summary materials

Order Defendants to provide compensatory education/services to Student in amounts to be determined based on the evidence, including compensatory special education instruction and related services to remedy the period of inadequate progress and unmet needs.

Attorneys' Fees and Costs (conditional): If Plaintiff prevails and retains counsel, Plaintiff requests reasonable attorneys' fees and costs as authorized by the IDEA, 20 U.S.C. § 1415(i)(3)(B).

Other relief. Award such other and further relief as the Court deems just and proper.

Damages: Plaintiff does not seek punitive damages or general monetary damages, except for attorneys' fees, costs, and expenses as permitted by law.

Pro Se 1 (Rev. 12/16) Complaint for a Civil Case

## V.     Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A.     For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case–related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing:     04/27/2026

Signature of Plaintiff     _Kellen Garfield_

Printed Name of Plaintiff     Kellen Garfield

### B.     For Attorneys

Date of signing:

Signature of Attorney

Printed Name of Attorney

Bar Number

Name of Law Firm

Street Address

State and Zip Code

Telephone Number

E-mail Address

Page 5 of 5

Print     Save As...     Add Attachment     Reset

JS 44 (Rev. 03/24)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

Keilen Garfield, individually
and on behalf of K.G.

## DEFENDANTS

Iowa City Community School District; Grant
Wood Area Education Agency

**(b)** County of Residence of First Listed Plaintiff **Johnson County**
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant **Johnson County**
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:    IN LAND CONDEMNATION CASES, USE THE LOCATION OF
THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Pro Se Plaintiff
3330 Dreusicke Dr
Coralville, IA 52241
779-279-6914

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1  U.S. Government Plaintiff
- [X] 3  Federal Question *(U.S. Government Not a Party)*
- [ ] 2  U.S. Government Defendant
- [ ] 4  Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)*                    *and One Box for Defendant)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated *or* Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated *and* Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| [ ] 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | [ ] 625 Drug Related Seizure of Property 21 USC 881 | [ ] 422 Appeal 28 USC 158 | [ ] 375 False Claims Act |
| [ ] 120 Marine | [ ] 310 Airplane | [ ] 365 Personal Injury - Product Liability | [ ] 690 Other | [ ] 423 Withdrawal 28 USC 157 | [ ] 376 Qui Tam (31 USC 3729(a)) |
| [ ] 130 Miller Act | [ ] 315 Airplane Product Liability | [ ] 367 Health Care/ | | | [ ] 400 State Reapportionment |
| [ ] 140 Negotiable Instrument | [ ] 320 Assault, Libel & Slander | Pharmaceutical Personal Injury | | **INTELLECTUAL PROPERTY RIGHTS** | [ ] 410 Antitrust |
| [ ] 150 Recovery of Overpayment & Enforcement of Judgment | [ ] 330 Federal Employers' Liability | Product Liability | | [ ] 820 Copyrights | [ ] 430 Banks and Banking |
| [ ] 151 Medicare Act | [ ] 340 Marine | [ ] 368 Asbestos Personal Injury Product Liability | | [ ] 830 Patent | [ ] 450 Commerce |
| [ ] 152 Recovery of Defaulted Student Loans (Excludes Veterans) | [ ] 345 Marine Product Liability | | | [ ] 835 Patent - Abbreviated New Drug Application | [ ] 460 Deportation |
| | | **PERSONAL PROPERTY** | | [ ] 840 Trademark | [ ] 470 Racketeer Influenced and Corrupt Organizations |
| [ ] 153 Recovery of Overpayment of Veteran's Benefits | [ ] 350 Motor Vehicle | [ ] 370 Other Fraud | **LABOR** | [ ] 880 Defend Trade Secrets Act of 2016 | [ ] 480 Consumer Credit (15 USC 1681 or 1692) |
| [ ] 160 Stockholders' Suits | [ ] 355 Motor Vehicle Product Liability | [ ] 371 Truth in Lending | [ ] 710 Fair Labor Standards Act | | [ ] 485 Telephone Consumer Protection Act |
| [ ] 190 Other Contract | [ ] 360 Other Personal Injury | [ ] 380 Other Personal Property Damage | [ ] 720 Labor/Management Relations | **SOCIAL SECURITY** | [ ] 490 Cable/Sat TV |
| [ ] 195 Contract Product Liability | [ ] 362 Personal Injury - Medical Malpractice | [ ] 385 Property Damage Product Liability | [ ] 740 Railway Labor Act | [ ] 861 HIA (1395ff) | [ ] 850 Securities/Commodities/ Exchange |
| [ ] 196 Franchise | | | [ ] 751 Family and Medical Leave Act | [ ] 862 Black Lung (923) [ ] 863 DIWC/DIWW (405(g)) | [ ] 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | [ ] 790 Other Labor Litigation | [ ] 864 SSID Title XVI [ ] 865 RSI (405(g)) | [ ] 891 Agricultural Acts |
| [ ] 210 Land Condemnation | [ ] 440 Other Civil Rights | **Habeas Corpus:** | [ ] 791 Employee Retirement Income Security Act | | [ ] 893 Environmental Matters |
| [ ] 220 Foreclosure | [ ] 441 Voting | [ ] 463 Alien Detainee | | **FEDERAL TAX SUITS** | [ ] 895 Freedom of Information Act |
| [ ] 230 Rent Lease & Ejectment | [ ] 442 Employment | [ ] 510 Motions to Vacate Sentence | | [ ] 870 Taxes (U.S. Plaintiff or Defendant) | [ ] 896 Arbitration |
| [ ] 240 Torts to Land | [ ] 443 Housing/ Accommodations | [ ] 530 General | | [ ] 871 IRS—Third Party 26 USC 7609 | [ ] 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| [ ] 245 Tort Product Liability | [ ] 445 Amer. w/Disabilities - Employment | [ ] 535 Death Penalty | **IMMIGRATION** | | [ ] 950 Constitutionality of State Statutes |
| [ ] 290 All Other Real Property | [ ] 446 Amer. w/Disabilities - Other | **Other:** [ ] 540 Mandamus & Other | [ ] 462 Naturalization Application | | |
| | [X] 448 Education | [ ] 550 Civil Rights [ ] 555 Prison Condition [ ] 560 Civil Detainee - Conditions of Confinement | [ ] 465 Other Immigration Actions | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- [X] 1  Original Proceeding
- [ ] 2  Removed from State Court
- [ ] 3  Remanded from Appellate Court
- [ ] 4  Reinstated or Reopened
- [ ] 5  Transferred from Another District *(specify)*
- [ ] 6  Multidistrict Litigation - Transfer
- [ ] 8  Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
20 U.S.C. § 1415(i)(2)
Brief description of cause:
Judicial review of administrative decision under IDEA

## VII. REQUESTED IN COMPLAINT:

- [ ] CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:    [ ] Yes    [X] No

## VIII. RELATED CASE(S) IF ANY

*(See instructions)*:    JUDGE    None    DOCKET NUMBER None

DATE

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT #_____  AMOUNT_____  APPLYING IFP_____  JUDGE_____  MAG. JUDGE_____

JS 44 Reverse (Rev. 03/24)

## INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

### Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

I.(a) **Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

(b) **County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

(c) **Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

II. **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.
United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; NOTE: **federal question actions take precedence over diversity cases.**)

III. **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

IV. **Nature of Suit.** Place an "X" in the appropriate box. If there are multiple nature of suit codes associated with the case, pick the nature of suit code that is most applicable. Click here for: Nature of Suit Code Descriptions.

V. **Origin.** Place an "X" in one of the seven boxes.
Original Proceedings. (1) Cases which originate in the United States district courts.
Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441.
Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.
Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.
Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation – Transfer. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.
Multidistrict Litigation – Direct File. (8) Check this box when a multidistrict case is filed in the same district as the Master MDL docket.
**PLEASE NOTE THAT THERE IS NOT AN ORIGIN CODE 7.** Origin Code 7 was used for historical records and is no longer relevant due to changes in statute.

VI. **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.** Example: U.S. Civil Statute: 47 USC 553 Brief Description: Unauthorized reception of cable service.

VII. **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand. In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

VIII. **Related Cases.** This section of the JS 44 is used to reference related cases, if any. If there are related cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.